# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TASHONDA TROUPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23 CV 1269 RWS |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before me on my review of defendant St. Louis County's Notice of Removal. The district court must be attentive at the outset of a case to the satisfaction of jurisdictional requirements in all cases. *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). Defendant alleges that this Court has federal question subject matter jurisdiction, yet it admits (and a review of the state court petition confirms) that plaintiff pleads only state law claims for wrongful death and negligence.

Defendant nevertheless claims that this Court has original subject matter jurisdiction over these state law claims because they were once raised in another case before me: *Troupe v. Young*, 4: 20 CV 1790 RWS. That case was originally filed in this Court with subject matter jurisdiction based on federal claims made under 42 U.S.C. § 1983. Although the Court had supplemental jurisdiction over

the state law claims because they were related to the federal claims, plaintiff voluntarily dismissed those state law claims without prejudice from her federal complaint.  She has now chosen to refile her state law claims in state court.  The mere fact that the state law claims were once filed in this Court and the Court once had supplemental jurisdiction over them does not create an independent basis for removal of these state law claims, nor does the fact that they may arise out of the same facts as the federal claim mean that this Court has federal question jurisdiction over them.  The claims as pleaded must state a basis for removal.  They do not.

As defendant asserts no other basis for federal subject matter jurisdiction and there appearing none in the record,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this case is remanded to the Twenty First Judicial Circuit of St. Louis County, Missouri for lack of subject matter jurisdiction under 28 U.S.C. § 1447(d).

_____<br>
RODNEY W. SIPPEL<br>
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2023.